## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATHERINE KOSLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-4061-DDC |
| | ) |
| PRAIRIE BAND POTAWATOMI | ) |
| DISTRICT COURT, *et al.,* | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Catherine Koslover, proceeding *pro se*, has filed the above-captioned case against the Prairie Band Potawatomi Nation District Court, various tribal judges, and a tribal attorney. The court has granted plaintiff's motion for leave to proceed *in forma pauperis*, which subjects her complaint to screening. For the reasons stated below, the magistrate judge recommends the district judge dismiss this action because plaintiff fails to state a claim upon which relief may be granted, because plaintiff is seeking monetary relief against those immune from such relief, and because this court lacks subject-matter jurisdiction over plaintiff's claims.

When a plaintiff proceeds *in forma pauperis* the court may review the complaint under Title 28 of the United States Code, Section 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] The court uses the Rule 12(b)(6) motion to dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[2] The court

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts, drawing all reasonable inferences in plaintiff's favor.[3] However, plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[4] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[5]

Plaintiff has used language from this district's form complaint for *pro se* litigants, and she has attached additional materials to her complaint as well. In the section addressing jurisdiction, plaintiff has checked boxes indicating this court has both diversity jurisdiction and federal-question jurisdiction. The following paragraph asks plaintiff to explain the basis for federal-question jurisdiction. She states, "O'CONNOR V. DONALDSON, 422 U.S. 563; SECT. 42 OF US (CIVIL RIGHTS) CONSTITUTION; 5TH & 14TH AMENDMENTS; TITLE II, CRA 1968." *O'Connor v. Donaldson*[6] is a 1975 Supreme Court opinion in which a former patient who was involuntarily committed to a state mental hospital brought suit alleging the deprivation of his constitutional right to liberty under the Fourteenth Amendment. The court construes plaintiff's complaint as attempting to assert claims under 42 U.S.C. § 1983 for alleged Fifth and Fourteenth Amendment violations and attempting to assert a claim under the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. § 1301, *et seq.*

---

[3] *Id.*

[4] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[5] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[6] 422 U.S. 536 (1975).

Plaintiff generally alleges that she and her adult son "did not have a fair hearing."[7] The complaint states that she was sent a notice by the tribal court that she was to provide an accounting of her son's money and how it was spent. When she and her son arrived for the hearing, she states that they were "ambushed by Judge Barr, Samantha Harrington, Karen Katz of Social Services, the Attorney from Social Service (Vivien Olsen) and a Potawatomi Police officer."[8] Plaintiff alleges she was removed as her son's conservator and guardian against her will and was not given notice that this was what was about to happen. Plaintiff claims Ms. Harrington—who it appears was at some point appointed as the guardian ad litem for plaintiff's son—had conducted "some kind of investigation" and provided a report to the court but that plaintiff was unable to see the report or to question any of the witnesses with whom Ms. Harrington allegedly spoke. Plaintiff goes on to list alleged inaccurate statements Judge Barr made during the hearing.

The complaint states plaintiff's son was committed against his will to a mental health center and that he should be able to decide where he lives and who should manage his money. Plaintiff's complaint further states that she filed an appeal with the tribal court, which it denied. Plaintiff names as defendants the Prairie Band Potawatomi District Court, Administrative District Court Judge Theresa L. Barr, Chief Justice of the Court of Appeals John Wabaunsee, Associate Justice of the Court of Appeals Duane McCrary, and Vivian Olsen, whom plaintiff states is a tribal attorney.

Plaintiff's complaint does not state a claim for relief under 42 U.S.C. § 1983. Under § 1983, a plaintiff may assert a claim for damages against another who, acting under the color of

---

[7] Compl. at 1, ECF No. 1-1.

[8] *Id.*

state law, deprived plaintiff of a federal right.[9] Of course, plaintiff has sued a tribal court and various tribal officials. "As separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority."[10] The Due Process protections afforded by the U.S. Constitution do not apply to Indian nations.[11] Moreover, the actions alleged in the complaint appear to be tribal actions, and as the Tenth Circuit has recognized, "A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'"[12]

Plaintiff's complaint also fails to state a claim for relief under the ICRA. Through the ICRA, Congress has imposed certain similar restrictions on tribal nations as those contained in the Bill of Rights and the Fourteenth Amendment.[13] In *Santa Clara Pueblo v. Martinez*, the Supreme Court considered whether a federal court had jurisdiction to hear a case involving an alleged denial of a right afforded by the ICRA. In concluding that it did not, the Supreme Court reasoned that:

> Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers. This aspect of tribal sovereignty, like all others, is subject to the superior and plenary control of Congress. But without congressional authorization, the Indian Nations are exempt from suit.
>
> It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed. Nothing on the face of Title I

---

[9] *Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1242 (10th Cir. 2009).

[10] *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56-57 (1978).

[11] *See id.* (citing *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir. 1967)).

[12] *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006).

[13] *Santa Clara Pueblo*, 436 U.S. at 57-58 (citing 25 U.S.C. § 1302).

4

> of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for injunctive or declaratory relief. . . . In the absence here of any unequivocal expression of contrary legislative intent, we conclude that suits against the tribe under the ICRA are barred by its sovereign immunity from suit.[14]

The ICRA's only remedial provision is allowing a habeas corpus action to test the legality of a detention order of an Indian tribe.[15] Because the ICRA does not otherwise provide a private right of action for alleged violations of the Act, plaintiff has not stated a claim for relief under the ICRA.

Plaintiff's ICRA claim not only fails for this reason, but tribal sovereign immunity is also a matter of subject-matter jurisdiction.[16] "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers."[17] Tribal sovereign immunity may extend to tribal officials acting within the scope of the powers delegated to that official.[18] Absent an unequivocal waiver of the tribe's immunity, federal courts lack subject-matter jurisdiction to resolve actions against an Indian tribe or those shielded by tribal immunity.[19] Because there is no waiver of tribal immunity, the court also lacks subject-matter jurisdiction over this action.[20]

---

[14] *Id.* at 58-59 (internal quotations and citations omitted).

[15] *Id.* at 59.

[16] *Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007).

[17] *Santa Clara Pueblo*, 436 U.S. at 58.

[18] *Burrell*, 456 F.3d at 1174; *see also Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1183 (10th Cir. 2010).

[19] *See Miner*, 505 F.3d at 1011.

[20] The court notes that plaintiff has also checked a box on her complaint that indicates that diversity jurisdiction exists. Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332. "Indian tribes are not citizens of any state for purposes of diversity jurisdiction." *Gaines v. Ski Apache*, 8 F.3d 726,

For these reasons, the magistrate judge recommends the district judge dismiss this action because plaintiff fails to state a claim upon which relief may be granted, because plaintiff is seeking monetary relief against those immune from such relief, and because this court lacks subject-matter jurisdiction over plaintiff's claims.

Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 31st day of May, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

729 (10th Cir. 1993). A plaintiff and a tribal entity defendant cannot be considered citizens of different states for the purpose of the diversity statute, even if diversity exists between plaintiff and other co-defendants. *Calumet v. Gaming Group-Kan., Inc. v. Kickapoo Tribe of Kan.*, 987 F. Supp. 1321, 1325 (D. Kan. 1997) (relying on *Gaines*, 8 F.3d 726)).